# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET PALMER-CARRI, <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF VETERAN AFFAIRS, *et al.*, <br><br> Defendants. | Case No. 17-cv-02250-BAS-JLB <br><br> **ORDER DENYING MOTION TO APPOINT COUNSEL** <br><br> [ECF No. 5] |

Presently before the Court is Plaintiff Janet Palmer-Carri's motion to appoint counsel on her behalf. (ECF No. 5.) Plaintiff states that she has made various efforts to obtain counsel, but has been unsuccessful. (*Id.* at 3.) In her motion, she indicates that she has been turned away by several lawyers. (*Id.*) Plaintiff indicates that even if she could obtain a lawyer, she would not be able to afford the costs of assistance rendered. (*Id.*) In support of her motion, Plaintiff has attached an affidavit detailing her sources of income and monthly expenses. (*Id.* at 4–6.) For the reasons below, the Court denies Plaintiff's request.

I. **DISCUSSION**

   A. **Legal Standard**

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose her physical liberty if she loses the litigation.

*Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). Even where the plaintiff is proceeding *pro se* or *in forma pauperis*, district courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989). However, "the court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). In the Ninth Circuit, "the decision to appoint such counsel is within the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (internal quotations omitted). A finding that exceptional circumstances exist entails "an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

### B. Analysis

Plaintiff's motion does not aver that exceptional circumstances exist such that this Court should request an attorney represent her. Rather, the sole basis Plaintiff advances is that she cannot afford counsel. Under Ninth Circuit precedent, the inability to afford counsel by itself is not a sufficient basis for a court order requesting counsel for a *pro se* plaintiff. *See Agyeman*, 390 F.3d at 1103. This is true even when a plaintiff is proceeding *in forma pauperis* and thus, by definition, has shown an inability to afford the cost to initiate proceedings in federal court. *See United States v. Madden*, 352 F.2d 792, 793–94 (9th Cir. 1965). It would be inconsistent for this Court to hold Plaintiff—who is not proceeding *in forma pauperis—*to a lesser standard than a plaintiff who is proceeding as such.

Plaintiff otherwise fails to show that exceptional circumstances exist in this case to warrant an order requesting appointment of counsel. First, Plaintiff has not provided any evidence that she has a likelihood of success on the merits. A plaintiff

that provides no evidence of her likelihood of success fails to satisfy the first factor of the *Wilborn* test. *See Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993); *see also Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993) (concluding likelihood of success not shown where the plaintiff did not present any evidence other than his own assertions to support his claims). In any event, at this nascent stage of the litigation, the Court is unable to determine whether Plaintiff has a likelihood of success on the merits based on the pleadings. Second, the Court finds that the case is not sufficiently complex that Plaintiff cannot articulate her asserted claims. *See, e.g., Williams v. ICC Committee*, 812 F. Supp. 1029, 1034 (N.D Cal. 1992).

## II. CONCLUSION & ORDER

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for appointment of counsel. (ECF No. 5.)

**IT IS SO ORDERED.**

DATED: November 16, 2017

Hon. Cynthia Bashant
United States District Judge