# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET PALMER-CARRI,<br><br>                    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF VETERAN AFFAIRS, *et al.*,<br><br>                    Defendants. | Case No. 17-cv-02250-BAS-JLB<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>**[ECF No. 15]** |

On August 21, 2018, the Court dismissed this case without prejudice because Plaintiff Janet Palmer-Carri ("Plaintiff") failed to respond by August 17, 2018 to the Court's order to show cause why this case should not be dismissed for: (1) failure to effectuate proper service on the United States agencies named as Defendants in this case pursuant to Federal Rule of Civil Procedure 4(i) and (2) failure to state a claim pursuant to Rule 12(b)(6). (ECF No. 9 (order to show cause); ECF No. 10 (order dismissing case).) Plaintiff has filed a motion for reconsideration of the Court's decision to dismiss this case without prejudice due to her failure to respond to the Court's order to show cause. (ECF No. 15.) For the reasons herein, the Court denies Plaintiff's motion, but modifies the reasons supporting dismissal.

## LEGAL STANDARD

On a motion for reconsideration, relief should be granted only "if the district

court (1) is presented with newly discovered evidence, (2) committed clear error or [its] initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah Cty. v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 114 S. Ct. 2742 (1994). A motion to reconsider must provide a court with valid grounds for reconsideration by: (1) showing some valid reason why the court should reconsider its prior decision, and (2) setting forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000))

## ANALYSIS

### 1. The Initial Reason For Dismissal is No Longer Valid

As an initial matter, the basis for the Court's order dismissing this case without prejudice for Plaintiff's failure to respond is no longer valid. Plaintiff's written response to the Court's order to show cause is dated August 15, 2018 and was received by the Clerk's Office on August 17, 2018, but was not received by the Court until August 23, 2018—after the deadline for Plaintiff to respond—and was not filed on the docket until September 4, 2018. (ECF Nos., 12, 13.) Plaintiff's motion for reconsideration points to her written opposition and reattaches it as the basis for reconsideration. (ECF No. 15.) Thus, Plaintiff's response to the Court to show cause was timely and the Court vacates its dismissal order insofar as its dismissal of the Complaint was premised on Plaintiff's failure to respond.

### 2. Dismissal of the Complaint is Nevertheless Appropriate

Turning to the merits of Plaintiff's response to the Court's order to show cause, Plaintiff has failed to show that the Court should reconsider dismissal. Although the Court sets forth different reasons supporting dismissal, the Court affirms that it will

not reinstate the Complaint.

First, the Court's order to show cause expressly noted Plaintiff's failure to effectuate timely and proper service on the United States agencies named as Defendants in this case pursuant to Federal Rule of Civil Procedure 4(i). (ECF No. 9 at 2–3.) This case has been pending since November 3, 2017 (ECF No. 1), without proper service on any of the Defendants in this case. Plaintiff's response to the Court's order to show cause is that she believed the process servers she paid to serve the U.S. Government Defendants had effectuated proper service. (ECF No. 15 at 5.) Plaintiff does not state what her efforts to ensure proper service were, nor does she indicate that she has sought to effectuate proper service on the Defendants under Rule 4(i) in the nearly two months since the Court's order to show cause. Although the Court has discretion under Rule 4(m) to extend the deadline to serve a defendant, the Court declines to do so here. Fed. R. Civ. P. 4(m). Plaintiff could have sought to effectuate proper service based on the Court's order to show cause, which expressly identified Rule 4(i)'s requirements for properly serving the Government. Plaintiff, however, has not done so, nor does she indicate an intent to do so. Thus, the Court does not find it appropriate to extend the deadline to serve.

Second, and independently of Plaintiff's failure to effect proper service on the Defendants, the Complaint is subject to a *sua sponte* Rule 12(b)(6) dismissal. "A trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *Wong v. Bell*, 642 F.2d 359, 362 (9th Cir. 1981). This Court's order to show cause provided Plaintiff with notice that her Complaint is materially deficient because it "fails to provide any concrete factual allegations regarding when any of the conduct alleged occurred, who was involved, or, as to several Defendants, the harm she suffered." (ECF No. 9 at 3.) Plaintiff's response does not alter this conclusion. Plaintiff merely reiterates incoherent allegations of wrongdoing by unnamed persons at unknown times without concrete factual allegations. (ECF No. 15 at 6–7.) She does not attempt to provide any

meaningful factual allegations that could state any claim upon which relief could be granted. Accordingly, the Court finds that a Rule 12(b)(6) dismissal of the Complaint is appropriate.

**CONCLUSION & ORDER**

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for reconsideration (ECF No. 15) and **AFFIRMS** that this case remains dismissed. The Court will not accept further filings in this case.

**IT IS SO ORDERED.**

DATED: September 12, 2018

Hon. Cynthia Bashant
United States District Judge