# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET PALMER-CARRI,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>DEPARTMENT OF VETERAN AFFAIRS, *et al.*,<br><br>　　　　　　　　　　　Defendants. | Case No. 17-cv-02250-BAS-JLB<br><br>**ORDER DENYING MOTION TO PURSUE APPEAL *IN FORMA PAUPERIS*** <br><br>**[ECF No. 18]** |

On September 12, 2018, this Court denied Plaintiff Janet Palmer-Carri's motion for reconsideration of its August 21, 2018 order dismissing the Complaint without prejudice. (ECF No. 16.) The original dismissal order stemmed from Plaintiff's apparent failure to respond to the Court's order to show cause ("OSC") why the complaint should not be dismissed for failure to effectuate proper service on the Government defendants or failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6). (ECF Nos. 9, 10.) Upon evidence that Plaintiff had mailed a timely response that was not received by the Clerk of the Court before the OSC deadline, the Court vacated the reasoning of its dismissal order based on a failure to respond and instead affirmed dismissal based on the issues identified in the

OSC. (ECF No. 16.) Plaintiff failed to show in her OSC response that she had effectuated proper service or intended to do so and failed to show that she had stated or could state any claim for relief. (*Id*.)

Plaintiff now seeks to appeal the Court's dismissal of her complaint without prejudice. (ECF No. 17.) She requests permission from this Court to proceed *in forma pauperis* ("IFP") in order to pursue her appeal. (ECF No. 18.)[1] Plaintiff has not previously been granted IFP status. For the reasons herein, the Court denies Plaintiff's motion.

## DISCUSSION

Pursuant to Federal Rule of Appellate Procedure 4, "a party to a district-court action who desires to appeal in forma pauperis must filed a motion in the district court." Fed. R. App. P. 4(a)(1). The party "must attach an affidavit that": (1) "shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs," (2) "claims an entitlement to redress," and (3) "states the issues that the party intends to present on appeal." *Id.* (A)–(C). Even if a movant may be economically eligible to proceed IFP, that does not end the Court's inquiry into whether IFP status to pursue an appeal is warranted.

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The

---

[1] Despite requesting IFP status from this Court, Plaintiff's IFP motion states that an issue for appeal is that this Court should have recused itself from her case. (ECF No. 18.) To the extent Plaintiff is asserting such a request now, the Court denies it. Plaintiff believes recusal is warranted on the ground that this Court does not have her "best interest at heart." (ECF No. 18 at 1.) This is not the standard for recusal. 28 U.S.C. § 455 establishes the recusal standard as "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (quoting *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984)). Normally, the alleged bias must stem from an "extrajudicial source." *Liteky v. United States*, 510 U.S. 540, 554–56 (1994). The sole basis this Court can discern for Plaintiff's contention that this Court does not have her "best interests at heart" is the Court's order to show cause and ruling dismissing the case. This is an insufficient basis to show recusal is warranted. "[J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion." *Id.* at 555. Thus, the Court denies Plaintiff's recusal request and proceeds to decide her IFP motion.

good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445). An action is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

For the purposes of deciding Plaintiff's IFP motion, the Court assumes that Plaintiff has shown that she may be economically eligible for IFP status. Even so, the Court finds that she is not entitled to pursue her appeal with IFP status because it is not taken in good faith. Plaintiff raises six issues for appeal: (1) "the case should never have been closed because the deadline was met/proof submitted", (2) "I requested that Judge Bashant recuse herself because it does not appear she has my best interest at heart", (3) "[f]or all the reasons listed in my written opposition," (4) "I requested legal assistance and was denied when it should have been granted;" (5) "[n]o one is above the law not even the Federal Government or its Agency's [sic];" and (6) "[j]ustice would not be served if this case were closed." (ECF No. 18 at 1.) This Court concludes that each of these issues is frivolous.

First, in its order denying reconsideration, the Court vacated its reasoning for dismissal regarding Plaintiff's failure to respond and affirmed dismissal on the merits of the OSC. Second, Plaintiff has failed to identify a legally cognizable basis for recusal or facts that would warrant recusal. Third, Plaintiff's reference to "all the reasons" in her opposition to dismissal fails for the reasons set forth in the Court's order denying reconsideration. (ECF No. 16.) Fourth, Plaintiff's argument that she should have been appointed counsel has no basis in law, as set forth in the Court's order denying appointment of counsel. (ECF No. 6.) Despite not proceeding IFP before this Court, the sole reason Plaintiff identified when she requested appointment of counsel was indigency. She did not identify any exceptional circumstances warranting appointment of counsel. Finally, Plaintiff's fifth and sixth issues for

appeal lack a basis in facts or law, particularly given Plaintiff's failure to identify any claims for relief against the Government.

## CONCLUSION & ORDER

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to pursue an appeal IFP. (ECF No. 18.) The Clerk of the Court is directed to notify Plaintiff and the Court of Appeals of this denial.

**IT IS SO ORDERED.**

**DATED: September 21, 2018**

Hon. Cynthia Bashant
United States District Judge